PROB 12D
(6/05)

Report Date: August 11, 2009

# United States District Court

for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 1 3 2009

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

## Request for Summons and Modification of the Conditions or Term of Supervision

Name of Offender: Dan Elliott Ochs                              Case Number: 2:04CR00259-001

Name of Sentencing Judicial Officer:  The Honorable Wm. Fremming Nielsen

Date of Original Sentence: 05/31/2005                           Type of Supervision: Supervised Release

Original Offense: Possession of Child Pornography,              Date Supervision Commenced: 12/12/2008
18 U.S.C. § 2252A(a)(5)(B)

Original Sentence: Prison - 46 Months;                          Date Supervision Expires: 12/11/2013
TSR - 60 Months

## PETITIONING THE COURT

Due to the offender not having waived a hearing, the probation officer requests that a summons be issued and to modify the conditions of supervision as follows:

28   You shall undergo a substance abuse evaluation and, if indicated, enter into and successfully complete an approved substance abuse treatment program, including aftercare. You shall contribute to the cost of treatment according to your ability. You shall allow full reciprocal disclosure between the supervising probation officer and treatment provider.

29   You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

30   You shall abstain from alcohol and shall submit to testing (including urinalysis and Breathalyzer), as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from this substance.

31   You shall not enter into or remain in any establishment where alcohol is the primary item of sale.

## CAUSE

The probation officer believes that the action requested above is necessary for the following reasons:

On July 29, 2009, this officer met with the offender's sex offender therapist, Ed Averett in the U.S. probation office. Mr. Averett indicated that the offender had disclosed in a sex offender group that he had drank to excess. As a result, a meeting was scheduled with the offender, Mr. Averett, and this officer at the therapist's office on July 30, 2009.

Prob 12D
**Re: Ochs, Dan Elliott**
**August 11, 2009**
**Page 2**

The offender was asked about his drinking habits since his release from Geiger Corrections Center on June 9, 2009. The offender initially stated that he drank four beers and four shots of bourbon on July 4, 2009. After prodding by Mr. Averett, the offender admitted that he drank five Henry Weinhart beers and eight shots of bourbon on July 4, 2009, from 3 p.m. to midnight with his nephew. Mr. Ochs stated that he also drank two beers in 2 hours on July 11, 2009, at Far West Billards. On July 25, 2009, the offender stated that he drank two pitchers of beer from 9 p.m. to midnight.

It should be noted that the offender submitted to a polygraph on February 18, 2009. He was asked the following questions:

1) "Since December 12, 2008, have you masturbated to any form of media image of a minor child?" Mr. Ochs responded, "no."
2) "Have you since December 12, 2008, seen child pornography?" Mr. Ochs responded, "no."
3) "Have you since December 12, 2008, intentionally looked for pornographic material?" Mr. Ochs responded, "no."

The offender admitted to the polygraph examiner that he had seen pornographic pictures. He stated the material was stashed inside a hunting magazine he found at Geiger. When the examiner asked him why he did not disclose this in the pre-test interview, Mr. Ochs responded with the following: "I did not feel it was relevant."

On May 14, 2009, the offender submitted to a polygraph examination. The results were inconclusive to the following questions:

1) "Have you as an adult produced any kind of child pornography?" Mr. Ochs responded, "no."
2) "During the past 20 years, did you engage in physical sexual acts with a minor child?" Mr. Ochs responded, "no."
3) "From the Internet did you ever meet face to face with a minor child?" Mr. Ochs responded, "no."

On June 16, 2009, the offender submitted to a polygraph examination. He was asked the following questions:

1) "Since age 20, other than the two, have you engaged in sexual acts with any other person under age 18?" Mr. Ochs responded, "no."
2) "Have you since age 20 engaged in physical sexual contact with more than two minor children?" Mr. Ochs responded, "no."

In the examiner's professional opinion, there was consistent physiological signs of deception to the relevant questions. In the post-test interview, the offender explained that he sent movies of himself masturbating to 14 to 16-year old females. He indicates that he did not in turn receive sexual photographs or movies from minor females that he chatted with online. He stated he did this approximately 10 times by webcam. Mr. Ochs informed the examiner that he did not during the pre-test interview or during the charting phase of the polygraph examination recall this sexual webcam behavior. He advised the examiner that during the post-test interview, he remembered this behavior.

On April 23, 2009, this officer met with the offender's case manager, Mike Rafferty, at Geiger Corrections Center and the offender. Mr. Ochs was informed that they had a telephone call from a woman the offender knew 20 years ago. She informed Mr. Rafferty that she felt uncomfortable around the offender. Mr. Ochs contacted her while he was a Geiger inmate. He informed this woman that he was at Geiger for 3 years for a firearms charge. Mr. Rafferty informed the woman to contact him if the offender attempted to see or call her again. Mr. Rafferty and this officer directed the offender to stay away from the woman.

Prob 12D
**Re: Ochs, Dan Elliott**
**August 11, 2009**
**Page 3**

Mr. Averett and this officer have significant concerns about the offender drinking while on supervision and in treatment. These concerns are based on the offender's instant Federal offense and prior criminal history. Additionally, the offender has committed crimes while under the influence of alcohol.

On August 3, 2009, this officer contacted Art Garcia at New Horizon Care Center. Mr. Garcia was given background information on the offender's criminal history, substance abuse history, and non-compliant behavior while in the community. He concurs with Ed Averett and this officer about the offender having the additional special conditions added to his supervision requirements.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 8-11-09

Brenda J. Kuest
U.S. Probation Officer

## THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Summons
[ ] Other

Signature of Judicial Officer

8/13/09
Date